**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENES KURTULU,<br><br>                                    Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General of the U.S., et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01241-RBM-MSB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court are Petitioner Enes Kurtulu's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Ex Parte Emergency Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).  For the reasons below, the Petition is **GRANTED IN PART**.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner, a national and citizen of Türkiye, entered the United States on or around May 23, 2024, "without having been admitted or paroled after inspection by an immigration officer."  (Doc. 1 ¶ 18.)  Petitioner continued to reside in the United States for twenty-one (21) months.  (*Id*. ¶¶ 28, 41.)

Petitioner "was arrested later by" United States Immigration and Customs

Enforcement ("ICE") at his place of employment "inside the United States and placed in immigration detention." (*Id*. ¶ 19.) "Specifically, ICE officers abruptly surrounded and arrested him while he was in the middle of making a routine, work-related delivery." (*Id*. ¶ 22.) Petitioner was then issued a Notice to Appear ("NTA") "charging him as removable under section 212(a)(6)(A)(i) of the [INA], as [a noncitizen] present in the United States without being admitted or paroled." (*Id*. ¶ 20.) He is currently detained at the Otay Mesa Detention Center and has an asylum application pending before the immigration court. (*Id*. ¶ 23.) "ICE asserts that [Petitioner] is subject to mandatory detention under 8 U.S.C. § 1225(b)." (*Id*. ¶ 23.)

**B.   Procedural Background**

On February 26, 2026, Petitioner commenced this action by filing the Petition. (Doc. 1.) The Court ordered Respondents to show cause why the Petition should not be granted on or before February 27, 2026. (Doc. 3.) Respondents failed to do so. Petitioner timely filed a Reply on March 11, 2026. (Doc. 4.) The Court then issued a second Order to Show Cause. (Doc. 5.) On April 1, 2026, Respondents submitted a Return to Habeas Petition and Notice of Non-Opposition. (Doc. 6.)

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2241(c)(3).

## III.   <u>DISCUSSION</u>

Petitioner claims his continued detention without an individualized custody

2

determination violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 24–48.) Respondents submitted "their Notice of Non-Opposition to the Petition in this matter." (Doc. 6.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and "his arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause." *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing). While Petitioner seeks his immediate release (*see* Doc. 1 ¶¶ 5, 52; Doc. 4 at 3), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release. Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See N.A.*, 2025 WL 3512412, at *5 (concluding "due process requires [the petitioner] receive a bond hearing under § 1226.").[1]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order.

2. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C.

---

[1] In light of the disposition contained herein, the Court declines to address Petitioner's remaining grounds for relief.

3:26-cv-01241-RBM-MSB

§ 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted **within ten days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

5. Respondents **SHALL FILE** a status report on or before April 23, 2026 indicating whether and when Petitioner received a bond hearing

6. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

   **IT IS SO ORDERED**.

DATE:  April 6, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-01241-RBM-MSB